IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON PIERCY, as Administrator of the Estate of Dale Piercy;<br><br>Plaintiff,<br><br>vs.<br><br>KELLY WILHELMI, individually and in his capacity as Sheriff of Whiteside County; et. al;<br><br>Defendants. | **8:16CV209**<br><br><br>**ORDER** |

Defendants Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. have filed an action to quash subpoenas or in the alternative to transfer their motion to the United States District Court for the District of Illinois. (Filing No. 1). For the following reasons, the motion will be denied.

Plaintiff filed a lawsuit in the Northern District of Illinois. To facilitate that litigation, he served numerous third party subpoenas, nationwide, on county entities which contracted with Defendant Advanced Correctional Healthcare ("ACH"). The subpoenas demand production of information concerning the counties' contracts with ACH. Of the counties served, Jefferson County and Hall County are located in Nebraska.

Defendants Julie Warkins, Dan Williams, and ACH ask this court to either quash the subpoena as seeking irrelevant and burdensome information, or to transfer the motion to quash under Rule 45(f). This court must first address the motion to transfer: If the motion to quash should be transferred to the Northern District of Illinois, this court should not address the merits of Defendants' objections to the subpoenas served on Jefferson and Hall County, Nebraska.

Rule 45(f) allows for the transfer of motions regarding third-party subpoenas where exceptional circumstances exist. Fed. R. Civ. P. 45(f). However, the Advisory Committee Notes for the Rule 45(f) indicate that the "prime concern" in transfer is "avoiding burdens on local

nonparties subject to subpoenas." Advisory Committee Notes to 2013 Amendment to Fed. R. Civ. P. 45, subdivision (f)).

The local counties did not file the motion to quash or to transfer, and based on the court's record, the motion was not served on the counties. The court does not know if the counties would object or consent to a 45(f) transfer, and there is no evidence regarding the Counties' burden of challenging the subpoenas in the Northern District of Illinois.

Before addressing the merits of the above-captioned action to quash, the counties subject to the subpoenas must be served with the motion and have an opportunity to 1) state whether they oppose the motion, and 2) explain any burden they will bear if the merits of the motion to quash are litigated in the Northern District of Illinois.

Accordingly,

IT IS THEREBY ORDERED: Defendant's Motion to Quash or Transfer, (filing no. 1), is denied without prejudice to reassertion consistent with this order.

Dated this 22nd day of June, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
